**Silda Lorena SOLIS ALVAREZ,**
**Petitioner,**

v.

**Alberto GONZALES,\* Attorney**
**General, Respondent.**

No. 03–72603.

Agency No. A75–016–365.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 7, 2005.\*\*

Decided Feb. 10, 2005.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Nicholas W. Marchi, Carney & Marchi, P.S., Seattle, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, Linda S. Wendtland, Rena I. Curtis, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before FERNANDEZ, GRABER and GOULD, Circuit Judges.

MEMORANDUM***

Silda Lorena Solis Alvarez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of the Immigration Judge's ("IJ") denial of her applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo due process contentions. *Lopez–Urenda v. Ashcroft*, 345 F.3d 788, 791 (9th Cir.2003). We review a denial of asylum for substantial evidence, *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition.

■ Petitioner's contention that the IJ violated her due process rights by denying a motion for second continuance lacks merit because petitioner fails to provide any evidence that she suffered any prejudice or that the hearing was a "proceeding [that] was so fundamentally unfair that [she] was prevented from reasonably presenting [her] case." *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000).

Petitioner's contention that the BIA's decision violates due process is foreclosed by our decision in *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850–51 (9th Cir.2003) (holding that the BIA's streamlining procedure does not violate an alien's due process rights).

■ Substantial evidence supports the IJ's decision that petitioner failed to establish past persecution or a well-founded fear of future persecution. Because petitioner was never harassed, threatened, or harmed in Guatemala, said she had no fear of persecution in Guatemala, and the evidence failed to establish that her father's death was on account of union activities, her asylum claim fails. *See Elias–Zacarias*, 502 U.S. at 483.

Because petitioner failed to establish eligibility for asylum, it follows that she failed to establish eligibility for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

■ Petitioner also does not establish a CAT claim because she failed to show that it was more likely than not that she would be tortured if returned to Guatemala. *See Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir.2001).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741, 750 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, as to the filing of the motion for stay of

removal and this stay will expire upon issuance of the mandate.

**PETITION DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.